```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN HADDOCK,

                Plaintiff,
                                           ORDER
        v.
                                           20-CV-1064(KAM)(CLP)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------X
```

**Kiyo A. Matsumoto, United States District Judge:**

On February 25, 2020, John Haddock ("Plaintiff") filed this *pro se* action against the Commissioner of Social Security (the "Commissioner"). Plaintiff's complaint purports to appeal a decision by an Administrative Law Judge, but the complaint appears premature, as Plaintiff provides no details suggesting that he applied for benefits and received a final decision from the Social Security Administration. For the reasons herein, Plaintiff's motion to proceed *in forma pauperis* is granted, but Plaintiff's complaint is dismissed without prejudice.

Plaintiff filed the instant complaint using a form complaint for Social Security appeals. Plaintiff alleges that he became entitled to receive disability insurance benefits upon his release from prison on October 4, 2019. (ECF No. 1, Complaint, at 1.) Plaintiff, however, does not allege that he previously filed an application for social security benefits, or that he received a final decision from the Commissioner. In the space on the form where Plaintiff was to provide the date of his

hearing before an Administrative Law Judge, Plaintiff wrote: "don't remember." (*Id.* at 2.) Plaintiff likewise wrote "don't remember" on the line for the date his claim was denied, and wrote "don't know" on the line for the date the Administrative Law Judge's decision was affirmed. (*Id.*)

"A district court is generally not vested with subject matter jurisdiction to review [a social security appeal] until the claimant has exhausted his administrative remedies and a final decision has been rendered by the Commissioner after a hearing." *Walker v. Berryhill*, No. 18-cv-9437, 2020 WL 820653, at *3 (S.D.N.Y. Jan. 24, 2020), *report and recommendation adopted sub nom. Walker v. Comm'r of Soc. Sec.*, No. 18-cv-9437, 2020 WL 816086 (S.D.N.Y. Feb. 18, 2020); *see also* 42 U.S.C. § 405(g) (providing that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action" in the United States District Court for the judicial district in which the plaintiff resides).

"Within the Second Circuit, [d]istrict [c]ourts 'routinely have required plaintiffs to exhaust their administrative remedies before seeking judicial review of Social Security determinations.'" *Walker*, 2020 WL 820653, at *3 (quoting *Papadolpoulos v. Comm'r of Soc. Sec.*, No. 13-cv-3163, 2014 WL 2038314, at *3 (S.D.N.Y. May 15, 2014) (collecting

cases)). "The requirement of a 'final decision' before federal court review 'has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency; and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted.'" *Id.* (quoting *Moore v. Comm'r of Soc. Sec.*, No. 16-cv-1713, 2016 WL 6581330, at *2 (S.D.N.Y. Nov. 4, 2016)).

In this case, Plaintiff has not alleged sufficient detail for the court to exercise subject matter jurisdiction over his claims. *See FDIC v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999) ("[T]he [c]ourt may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding."). Plaintiff has not alleged that he obtained a final decision from the Commissioner, as is required by 42 U.S.C. § 405(g). Plaintiff has not attached any documents from the Social Security Administration, or even alleged that he applied for disability benefits and was denied. Nor has Plaintiff argued that any waiver of the exhaustion requirement occurred, *see, e.g.*, *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984), or that there is any basis for excusing his failure to exhaust his administrative remedies, *see, e.g.*, *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996).

Accordingly, Plaintiff's complaint is dismissed without prejudice. The court dismisses the instant complaint

for lack of subject matter jurisdiction because of Plaintiff's failure to exhaust his administrative remedies. If Plaintiff believes he is eligible for disability payments and has not already filed an application for benefits, Plaintiff must begin that process by filing an application for benefits with the Social Security Administration. Once Plaintiff receives a final decision from the Commissioner, if he is dissatisfied with it, he may file a new complaint in this District. Plaintiff may contact the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project at 212-382-4729 for limited-scope legal assistance.

The court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment dismissing this case, serve Plaintiff with a copy of this Order and the judgment, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         June 11, 2020

                                          /s/
                              _____
                              Hon. Kiyo A. Matsumoto
                              United States District Judge

4